UNITED STATES v. SHERWOOD.

(District Court, W. D. New York. April 6, 1910.)

POST OFFICE (§ 48*)—USE OF MAILS TO DEFRAUD—INDICTMENT.

In an indictment for using the mails in furtherance of a scheme or artifice to defraud, in violation of Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), it is sufficient to allege in the indictment that the scheme or artifice having been devised by the defendant was to be effectuated by the use of the mails, and that defendant, in furtherance of such intention and scheme or artifice, deposited a letter which was to be delivered by medium of the post office, so that an indictment charging that the artifice or scheme to defraud was to obtain a sum of money by threats, intimidation, etc., and that such scheme was to be effectuated by open-

ing correspondence and communication with K. by means of the post office establishment, was not objectionable for failure to charge that accused wrote the letter, that he knew of its contents, or because the letter failed to state a scheme to defraud, would not have deceived a person of ordinary prudence or because K. was not indebted to the sender.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. § 48.*

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

Sidney Sherwood was indicted for using the mails in furtherance of a scheme to defraud. On demurrer and motion to dismiss the indictment. Denied.

M. B. Jewell and Thomas L. Newton, for defendant.
James O. Moore, Asst. U. S. Atty.

HAZEL, District Judge. The defendant demurs to the indictment, and charges that it is defective, in that it fails to allege (1) that the accused wrote the letter which was transmitted through the mails; (2) that he knew its contents; (3) that the letter in terms fails to state a scheme to defraud; (4) that the addressee was not indebted to the sender; and (5) that the letter delivered through the mails was not one that would deceive a person of ordinary prudence.

None of these allegations are essential to the validity of the indictment. It is sufficient, under section 5480, Rev. St. (U. S. Comp. St. 1901, p. 3696), to allege that the scheme or artifice to defraud, having been devised by the defendant, was to be effectuated by the use of the mails, and that the defendant, in furtherance of such intention and scheme or artifice, deposited a letter which was to be delivered by medium of the post office. O'Hara v. United States, 129 Fed. 551, 64 C. C. A. 81. That the indictment does not allege that Kenyon did not owe the defendant the amount specified in the letter is not material. It is alleged with sufficient positiveness that the artifice or scheme to defraud was to obtain a sum of money by threats, intimidation, etc., and that such scheme or artifice was to be effected by opening correspondence and communication with Kenyon by means of the post office establishment. The incriminating letter does not pretend that Kenyon was indebted to the defendant, and it is fairly open to the inference that the defendant was endeavoring to obtain money not owing to him by fraudulent means. On the whole, the charge is thought specific enough to apprise the defendant of the character of the accusation against him and what he will be required to meet on the trial.

Motion to dismiss the indictment is denied, and the demurrer overruled.